IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| OZARK MANAGEMENT INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-04006-CV-C-NKL |
| | ) | |
| SPARE BACKUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ozark Management Inc. ("Ozark"), moves to dismiss Count II of Defendant

Spare Backup, Inc.'s ("Spare Backup") Counterclaim [Doc. # 5] for failure to plead fraud

with particularity, as required by Federal Rule of Civil Procedure 9(b). To plead with

particularity "means the who, what, when, where, and how: the first paragraph of any

newspaper story." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 995 (8th

Cir. 2007). "And although we must take all factual allegations as true when considering a

motion to dismiss, we need not accept conclusory legal allegations as true." *Id.* (citing

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "This requirement is designed to enable

defendants to respond 'specifically, at an early stage of the case, to potentially damaging

allegations of immoral and criminal conduct.'" *BJC Health Sys. v. Columbia Cas. Co.*, 478

F.3d 908, 917 (8th Cir. 2007). The Eighth Circuit explains that Rule 9(b) "should be read 'in

harmony with the principles of notice pleading.'" *Id.*

1

Count II of Spare Backup's counterclaim states:

11. Defendant incorporates herein by reference its allegations of Paragraphs 1 through 11 [sic] of its Counterclaim against Plaintiff as if fully stated herein.

12. Plaintiff represented both verbally and in writing, that the aircraft was fit for Defendant's use.

13. Defendant relied on Plaintiff's representation in choosing to lease Plaintiff's aircraft, and in so relying used that degree of care that would have been reasonable in Defendant's circumstance.

14. Defendant was entitled to rely on said representation in that: 1) the condition of the aircraft was peculiarly within the knowledge of Plaintiff; 2) Plaintiff made distinct representations concerning the aircraft's fitness for Defendant's use; and 3) such other and further respects that are revealed through discovery.

15. Such representation was made to induce Defendant to lease the aircraft, and was a material factor in Defendant's decision to lease the aircraft.

16. The aircraft did not conform to such representation made by Plaintiff.

17. Plaintiff intentionally and/or negligently misrepresented the condition of the aircraft.

18. Within a reasonable time after Defendant knew or should have known of such failure to conform, Defendant gave Plaintiff notice thereof.

Ozark complains that Count II fails to set forth who made the representations, where they were made, what was said, when the acts occurred, or sufficient particulars from which those elements could be deduced.

Defendant Spare Backup has met its burden under Rule 9(b). The counterclaim indicates Plaintiff (who) represented both verbally and in writing (how) that the aircraft was

2

fit for Defendant's use (what). These representations were made on or around July 7, 2007 (when), the date on which Ozark and Spare Backup entered into a contract for the lease of the aircraft. Although Spare Backup has not pled a specific place of the false representation, given the nature of the case and the relationship between the parties, it is understood that the representations were made during the formation of the contract, which satisfies the where requirement. *See BJC Health Sys.*, 478 F.3d at 917 ("The level of particularity required depends on, *inter alia*, the nature of the case and the relationship between the parties.").

The fact that Spare Backup pled enough particularity to allow Ozark to respond to the allegations is demonstrated by Ozark's reply, in which it states: "Defendant in this action sought to lease a jet through JetLease Palm Beach, a private broker that helps match people who have aircraft available to lease with people who wish to lease them for short-term projects. Any representations made to Spare Backup, Inc. during the inception of the lease were made by JetLease Palm Beach, and not directly by Plaintiff." Ozark also contests that the aircraft was not airworthy. These allegations, if true, might support that Defendant has failed to state a claim against Plaintiff, but they do not support Ozark's contention that Count II is not pled with particularity. Quite the opposite, these statements demonstrate that Spare Backup provided enough information to put Ozark on notice and allow it to respond specifically to the allegations.

3

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Dismiss Count II of the Counterclaim [Doc. #

5] is DENIED.

                                              s/ Nanette K. Laughrey
                                              NANETTE K. LAUGHREY
                                              United States District Judge

Dated:  February 26, 2008
Jefferson City, Missouri

4